IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ARREOLA ROMERO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　　Respondent. | No. 2:23-CV-1068-DMC-P<br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Pending before the Court is Respondent's unopposed motion to dismiss.  See ECF No. 6.

### I.  BACKGROUND[1]

In 2015, Petitioner was charged in the United States District Court for the Northern District of Georgia with twenty separate counts.  See ECF No. 6-1 (Appendix).  Petitioner pleaded guilty to one count of conspiracy to distribute a controlled substance and one count of money laundering, and on April 5, 2012, Petitioner was sentenced to 240 months in the

---

[1] Facts are derived from various court records provided by Respondent in the Appendix filed in support of the motion to dismiss.  See ECF No. 6-1.  The Court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).

custody of the Bureau of Prisons (BOP).  See id.  Petitioner's current projected release date is May 15, 2025.  See id.  In the instant federal petition, Petitioner seeks relief under the First Step Act (FSA).  See ECF No. 1.

## II.  DISCUSSION

In the unopposed motion to dismiss, Respondent argues this case must be dismissed because Petitioner has had all earned time credits (ETCs) allowable under the FSA applied, making his case moot. See ECF No. 6.

In support of the mootness argument, Respondent argues:

> Petitioner's BOP records document his receipt of 365-days FSA ETC discretionary award; And, in fact, BOP has applied FSA ETC credits with the result (as Petitioner demanded for relief) that his (subject to discretion) projected release date was advanced. *See* Appendix pp 2-3. Accordingly, there is no case and or controversy, no ripe dispute, and no standing for dispute for this *former* court-of-custody to resolve. *Adarand Constructors, Inc. v. Slater,* 528 U.S. 216, 222 (2000); *Am. Cargo Transp., Inc. v. United States,* 625 F.3d 1176, 1180 (9th Cir. 2010). *See also McCormack v. Herzog*, 788 F.3d 1017, 1025 (9th Cir. 2015). Indeed, Petitioner does not provide any case and controversy as to what he demanded and what he obtained. . . .

ECF No. 6 at 3-4.

In support of this argument, Respondent has attached Petitioner's FSA Time Credit Assessment. See ECF No. 6-1, pg. 18.  This document reflects that Petitioner has been granted the maximum of 365 days of ETCs under the FSA, with a current projected release date of May 15, 2025.  See id.

The Court finds that Respondent's mootness argument is well-taken. The Time Credit Assessment reflects that Petitioner has been granted ETCs under the FSA in the maximum amount of 365 days and that this has resulted in an advanced projected release date.  Because Petitioner has already obtained all the relief requested in the pending petition, it should be dismissed as moot.  See Dominguez v. Kernan, 906 F.3d 1127, 1132 (9th Cir. 2018) (concluding that a matter is moot when it is "impossible for a court to grant any effectual relief" on petitioner's claim).

/ / /

Because the Court finds that the petition is moot, the Court does not address Respondent's argument that the petition should also be dismissed because Petitioner failed to exhaust his administrative remedies with the BOP's Administrative Remedy Program.

### III.  CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is RECOMMENDED that Respondent's unopposed motion to dismiss, ECF No. 6, be GRANTED and that this action be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 12, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE